UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEON T. LEE ELBEY (#375231)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **19-739-BAJ-RLB** |
| **JOHN BEL EDWARDS** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 3, 2020.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEON T. LEE ELBEY (#375231)**                                              **CIVIL ACTION**

**VERSUS**

                                                                                                           **19-739-BAJ-RLB**

**JOHN BEL EDWARDS**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

The *pro se* plaintiff, an inmate confined at the Allen Correctional Center ("ACC"), Kinder, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Governor John Bel Edwards, complaining that his constitutional rights are being violated due to state laws which classify him as African American.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to

pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, the plaintiff alleges that Louisiana laws which label him as African American permit the state to denationalize the plaintiff in violation of 18 U.S.C. § 241-242 and the Thirteenth Amendment. The plaintiff further alleges that due to the foregoing he is being deprived of his right to be free from involuntary servitude and slavery.

First to the extent the plaintiff cites federal criminal statutes (18 U.S.C. § 241-242) as the basis for his claims, his claims are frivolous. A private citizen may not bring a lawsuit based on those provisions. *See Fierro v. Robinson,* 405 F. App'x. 925, 926 (5th Cir.2010) *citing Cort v. Ash,* 422 U.S. 66 (1975); *Pierre v. Guidry,* 75 F. App'x 300 (5th Cir. 2003); *Ali v. Shabazz,* 8 F.3d 22 (5th Cir. 1993); and *Lang v. Quinlan,* 990 F.2d 1252 (5th Cir. 1993) *citing Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989). Moreover, the plaintiff has no constitutional right to have the defendant criminally prosecuted. *See Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir.1990); *Busick v. Neal,* 380 F. App'x. 392, 399–400 (5th Cir. 2010); and *Lewis v. Jindal,* 368 F. App'x. 613, 614 (5th Cir. 2010). Claims brought in a civil action pursuant to such federal criminal provisions are legally frivolous. *Pierre,* 75 Fed. App'x at 300-01.

Furthermore, this Court cannot investigate any alleged wrongdoing or file criminal charges against the defendant. Such actions are within the sole province of the appropriate district attorney's office or the office of the United States Attorney. *See McCloud v. Craig,* 2009 WL 2515609, *5 (E.D. La. 2009) ("Federal courts are not investigative or prosecutorial agencies. Individuals seeking the criminal investigation or prosecution of alleged wrongdoers should request the intervention of the appropriate law enforcement authorities, not the federal courts.")

To the extent the plaintiff is asserting that he is being subjected to involuntary servitude or slavery in violation of the Thirteenth Amendment, this claim is also frivolous. The Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, *except as a punishment for crime whereof the party shall have been duly convicted,* shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1 (emphasis added). Requiring a convicted prisoner to work, with or without pay, does not violate the Thirteenth Amendment regardless of whether or not he was sentenced to hard labor. *See, e.g., Villarreal v. Morales,* 370 F. App'x 542, 543 (5th Cir. 2010) ("The Thirteenth Amendment ... excepts, from the general prohibition, compelled labor as punishment for a crime. That exception applies even where the inmate, as in Villarreal's case, is not sentenced specifically to labor."); *Smith v. Dretke,* 157 F. App'x 747, 748 (5th Cir. 2005) ("The Thirteenth Amendment permits involuntary servitude without pay as punishment after conviction of an offense, even when the prisoner is not explicitly sentenced to hard labor."); *Walton v. Texas Department of Criminal Justice, Institutional Division,* 146 F. App'x 717, 718 (5th Cir. 2005) ("Compelling an inmate to work without pay does not violate the Constitution even if the inmate is not specifically sentenced to hard labor."); *Ali v. Johnson,* 259 F.3d 317 (5th Cir. 2001) ("[I]nmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work.")

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, as frivolous pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on February 3, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."