UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEON T. LEE ELBEY** | **CIVIL ACTION** |
| **VERSUS** | |
| **JOHN BEL EDWARDS** | **NO.: 19-00739-BAJ-RLB** |

## RULING AND ORDER

Before the Court is *pro se* Plaintiff Deon T. Lee Elbey's **Motion to Reconsider (Doc. 12)**. Plaintiff requests that the Court consider his objection to the Magistrate Judge's Report and Recommendation (Doc. 7). In the instant motion, Plaintiff claims that although the Report and Recommendation was filed into the record on February 3, 2020, he did not receive it in the mail until February 6, 2020. Plaintiff further claims that after drafting his objection, he then mailed his objections on February 16, 2020. Plaintiff's objection was filed into the record on February 20, 2020, the same day that the Court filed its adoption of the Report and Recommendation to dismiss Plaintiff's claims (Doc. 8). Plaintiff argues that the 14-day period set by 28 U.S.C. § 636 should have commenced on the day he received the Magistrate Judge's recommendation, not the day the recommendation was filed into the record; thus, the deadline for objections should be February, 20, 2020, not February 17, 2020.

Under 28 U.S.C. § 636(b)(1)(C), "within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and

1

recommendations as provided by rules of court." Plaintiff alleges that he was served with the Magistrate Judge's recommendation on February 6, 2020, resulting in a deadline of February 20, 2020. Plaintiff has filed proof that the Clerk's Office mailed the recommendation on February 4, 2020 and that the Allen Correctional Center received the recommendation on February 6, 2020. (Doc. 11-1). Therefore, the Court will consider Plaintiff's objection.

The Magistrate Judge recommended that Plaintiff's claims against Defendant be dismissed with prejudice, as frivolous pursuant to 28 U.S.C. §§ 1915(e) and 1915A. (Doc. 7 at p. 5). Plaintiff objects to the finding that his claims are frivolous. Plaintiff argues that he is "challenging the validity of the Louisiana State Laws and Regulations permitting the state to denationalize and claim jurisdiction of him at birth prior to the abolishing of the institution of slavery under the Federal Constitutional 13th Amendment and Bill of Rights." (Doc. 10 at p. 1). Plaintiff further argues that the "State's certification of his live birth via State of Louisiana laws and regulations violates the 13th Amendment, Bill of Rights, Equal Protection Clause and the Supremacy Clause of the Federal Constitution and is conflicting with pertinent federal statutes…." (Id.). Plaintiff argues that he is challenging the jurisdiction of actions and laws regarding his certificate of live birth and his classification as an African American, which he alleges allows the State to denationalize him in violation of the Thirteenth Amendment.

The Court is not persuaded by Plaintiff's objection to alter its decision adopt the Magistrate Judge's recommendation because Plaintiff merely rehashes the

arguments from his Complaint (Doc. 1). Plaintiff has failed to present any facts or arguments in his objection that make his claims less frivolous. Therefore, the Court must deny Plaintiff's motion.

**IT IS ORDERED** that Plaintiff's Motion (Doc. 12) is **DENIED**.

Baton Rouge, Louisiana, this 30th day of April, 2020

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**